UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CITY OF GENEVA, on behalf of Brenda Bostic,


                                        Plaintiff,

                                                          DECISION AND ORDER

                                                          07-CV-6358L


               v.


SERENITY MANOR APARTMENTS,
et al.,


                                        Defendants.
_____


        Plaintiff the City of Geneva (the "City"), on behalf of Brenda Bostic ("Bostic"), brings this

action against defendants Serenity Manor Apartments, its co-owners Xiu Feng Li, Yu Hui Peng, and

its general manager Johnny Peng (collectively "Serenity Manor"), alleging that Serenity Manor

engaged in discriminatory housing practices against Bostic, a disabled woman, in violation of federal

and local law.

        On May 3, 2006, Bostic filed a complaint with the United States Department of Housing and

Urban Development ("HUD") pursuant to 42 U.S.C. §3610(a), and with the Geneva Human Rights

Commission ("GHRC") pursuant to §158-17(A) of the Geneva Fair Housing Law ("Local Law"),

alleging discrimination in housing on the basis of disability.[1]  GHRC investigated the complaint,

_____

        [1]  The GHRC is a HUD-certified human rights commission ("HRC"), also known as a fair
housing agency or fair housing assistance program.  Certification occurs where a local HRC has
                                                                                (continued...)

unsuccessfully attempted to mediate between the parties, and prepared a final investigative report, finding that there was reasonable cause to believe that discriminatory housing practices had occurred.

On May 31, 2007, GHRC issued its Determination of Reasonable Cause and Charge of Discrimination pursuant to the Local Law, charging the defendants with discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §3601 et seq., and Local Law §158 et seq. On June 20, 2007, the individual defendants elected to have the Charge resolved in a civil action, pursuant to Local Law §158-22. GHRC thereafter authorized the City to commence a civil action pursuant to the Local Law, and on July 20, 2007, the City timely commenced the instant action on Bostic's behalf to pursue the GHRC's charges against Serenity Manor.

Bostic now moves to intervene as a party plaintiff (Dkt. #3), and Serenity Manor moves to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) (Dkt. #5) for lack of personal jurisdiction. For the reasons set forth below, both motions are granted.

## DISCUSSION

### I.      Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the

---

[1](...continued)
submitted sufficient proof to HUD that its local laws and internal procedures are "substantially equivalent" to the FHAA. Once an HRC is certified, it is empowered to investigate and determine HUD-referred complaints in its jurisdiction much the same as HUD would, and receives significant federal funding to carry out its mission. Complainants can file complaints with HUD or their certified local agency, which will be considered co-filed with both agencies. *See generally Housing Opportunities Made Equal, Inc. v. DiGuilio*, 2000 U.S. Dist. 14800 at *8-*9 (W.D.N.Y. 2000) (generally discussing certification, referral and filing procedures).

complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). The Court notes that the traditional Rule 12(b)(6) test, which permitted dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," has been rejected by the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, _____ U.S. _____, 127 S. Ct. 1955 (2007), which conclusively retired the "no set of facts" test and held that "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted). *See e.g., Transhorn, Ltd. v. United Technologies Corp.*, 2007 U.S. App. LEXIS 21086 at *6 n. 3 (2d Cir. 2007) (concluding that *Bell Atlantic Corp.*'s holding, which addressed an antitrust claim, is not limited to that context and "affects pleading standards somewhat more broadly"); *Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Bell Atlantic Corp.* standard).

## II.    Serenity Manor's Motion to Dismiss

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the Court's jurisdiction over the defendants. *See Anchor v. Novartis Grimsby, Ltd.*, 2008 U.S App. LEXIS 13517 at *2 (2d Cir. 2008). Such a showing may be made "based on legally sufficient allegations of jurisdiction," and "the pleadings and affidavits [will be construed] in plaintiff's favor at this early stage." *Id.*, *quoting Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,

84 F.3d 560, 566 (2d Cir. 1996) *and PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997).

The defendant primarily argues that plaintiff has failed to sufficiently allege or demonstrate that the GHRC has jurisdiction to investigate or pursue claims against non-residents of the City. It is undisputed that Serenity Manor Apartments, where each of the individual defendants resides, is located outside of the City of Geneva, although it is within the Town of Geneva. The focus of the Court's inquiry is, therefore, whether there exists any statutory conferment of jurisdiction on the GHRC, a City of Geneva agency, over non-residents of the City which would support the GHRC's claim to jurisdiction over the defendants.

Initially, HUD referrals do not, in and of themselves, comprise a grant of personal jurisdiction over a putative defendant: rather, the regulations provide that referrals are to be granted to an HRC only for matters within the HRC's jurisdiction. 42 U.S.C. §3610(f)(1).

The HRC's jurisdiction, in turn, is defined and limited by the relevant municipality, pursuant to state statute. Here, the enabling statute is contained in Section 239 et seq. of New York's General Municipal Law. N.Y. Gen. Mun. Law §239 et seq.

The Local Law, by which the City purports to delegate various powers to the GHRC pursuant to N.Y. Gen. Mun. L. §239 et seq., does not define the GHRC's area of jurisdiction, either with respect to the residence of potential claimants, or the residence or location of persons and entities complained against. In fact, the Local Law's sole reference to geographical boundaries is its definition of the term "housing accommodation," which refers to "any dwelling . . . in the City . . . used as a residential structure." Local Law §158-3(N). Other terms relevant to the Local Law's

- 4 -

definitions of prohibited acts, such as "dwelling" and "real estate," make no reference whatsoever to the City of Geneva, Town of Geneva, or any other locale.

In such circumstances, the Local Law's failure to clarify the jurisdictional issue is dispositive, since it is well-settled that an HRC is not empowered with the jurisdiction to pursue claims on behalf of its residents in federal court without an explicit grant of jurisdiction over individuals and/or subject matter. *See e.g.*, *Yonkers Comm'n on Human Rights v. City of Yonkers*, 654 F. Supp. 544, 551 (S.D.N.Y. 1987) ("the New York Court of Appeals has consistently held that a commission's powers must be expressly given to it by the legislature") (collecting and discussing cases). Thus, because neither the Local Law nor any of the relevant state and federal laws provide any basis for the GHRC to pursue claims on behalf of a City resident against a non-resident, the GHRC's complaint must be dismissed for lack of personal jurisdiction over the defendants, none of whom resided or were located in the City. Indeed, to find otherwise would yield the absurd conclusion that the GHRC possesses unfettered, worldwide jurisdiction to investigate and sue any party against whom a City resident complains, whether located in the Town of Geneva, New York or the city of Geneva, Switzerland.

The fact that HUD referred the complaint to the GHRC for investigation in the first instance does not, as the City suggests, constitute a determination by HUD that the complaint was within GHRC's jurisdiction. The FHA provides that where a complaint alleges a housing practice that is within the "jurisdiction" of a HRC, HUD must refer it to the HRC for further processing. 42 U.S.C. §3610(f)(1). However, it does not stand for the converse proposition proposed by the City: that where HUD has referred a complaint to an HRC for further processing, the complaint must, of

necessity, be deemed to have been within the jurisdiction of the HRC.   Indeed, there is no evidence that HUD's referral of Bostic's complaint was based upon anything other than HUD's superficial review of the complaint, which indicated on its face that the defendants were residents of "Geneva." The record bears no indication that HUD was ever informed, or would have had reason to know, that the defendants actually resided and were located *outside* the City of Geneva.  HUD's referral of the instant case appears to have been based solely upon the incomplete and/or inadvertently misleading information provided to it, and not a considered determination to grant the GHRC jurisdiction over non-residents of the City.

I am also not persuaded by the City's argument that "GHRC's jurisdictional reach is identical to that of the City of Geneva itself [and therefore to that of Geneva's City Court] because the GHRC's Enabling Statute *restricts* its reach to that of the Geneva City Council's jurisdiction." (Plaintiff's Memorandum of Law, Dkt. #12 at 5 (emphasis added)).  The enabling statute to which the City refers, N.Y. General Municipal Law §239-r(e), provides merely that the GHRC's general obligations include a duty to, "encourage and stimulate agencies under the jurisdiction of the [Geneva City Council] to take such action as will fulfill the purposes of this article."  N.Y. Gen. Mun. L. §239-r(e).

The imposition of an obligation to "encourage and stimulate" local agencies within the jurisdiction of the City Council is just that: a requirement that the GHRC cooperate with local agencies "to foster mutual respect and understanding among all racial, religious and nationality groups in the community."  N.Y. Gen. Mun. L. §239-q(1)(a).  It does not, in my view, create or expand the GHRC's jurisdiction over fair housing complaints to reach individuals who are non-

residents of the City.  *See generally id.* (setting forth the "[g]eneral duties and powers" of a HRC, with no mention of geographical boundaries); 1977 N.Y. Op. Atty. Gen. 206 (July 11, 1977) (holding that a Town's human rights commission has jurisdiction to investigate a discrimination complaint brought against a school district lying entirely within the Town and outside any village, and implying by emphasis on such facts that jurisdiction would not lie where the school district was not entirely located within the Town, or was located in a village).

Finally, the City's argument that defendants waived their jurisdictional objections – by answering the complaint against them and cooperating with GHRC's investigation – is not persuasive.  It is undisputed that no hearing or other substantive quasi-judicial process took place, and defendants' counsel explicitly raised the jurisdictional issue early in the GHRC's investigation, noting that defendants did not believe that the GHRC had jurisdiction over them and would participate in the investigative process solely to ensure that their rights would not be prejudiced by any failure to appear.  (Dkt. #5, Att.8).

Based on the foregoing, I conclude that the GHRC lacks personal jurisdiction to pursue claims against the defendants, who are non-residents of the City of Geneva.  As such, defendants' motion to dismiss the City's complaint is granted.

## III.    Bostic's Motion to Intervene

Bostic has moved to intervene in the action pursuant to Fed. R. Civ. Proc. 24(a)(1).  It is undisputed that Bostic has standing to pursue her housing discrimination claims in her own individual capacity, and that this Court has jurisdiction over them.  *See generally Housing Opportunities Made Equal, Inc. v. DiGuilio*, 2000 U.S. Dist. LEXIS 14800 at *9-*10 (W.D.N.Y.

2000) (describing avenues by which alleged victims of unlawful housing discrimination may seek relief).

The question is simply whether the Court should opt to exercise its discretion to convert Bostic's present pleadings to support her individual claim, or dismiss the instant case entirely and require Bostic to initiate a new lawsuit. *See Hackner v. Guaranty Trust Co.*, 117 F.2d 95, 98 (2d Cir. 1941) (finding that despite dismissal of initial plaintiffs from the case, the "action can continue with respect to [a proposed additional plaintiff] without the delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are"); *Truncale v. Universal Pictures Co.*, 76 F. Supp. 465, 471 (S.D.N.Y. 1948) (granting motion to intervene, despite dismissal of underlying action, because "[t]he history and purpose of the Federal Rules are antagonistic to . . . technical limitations upon a course of action obviously designed to save time and money").

While it is well settled that an existing lawsuit is a prerequisite to intervention, I find that Bostic's proposed pleading states a viable claim against the defendants, and she should not be prevented "from proceeding on an otherwise viable individual claim" merely because the City's parallel claims, asserted on her behalf, are being simultaneously dismissed. *See generally Scaife v. Roush*, 370 F. Supp. 2d 798, 803-804 (N.D. Ind. 2005) (dismissing HRC from case for failure to comply with statutory filing requirements, but permitting individual plaintiff-interveners to opt to proceed with their individual discrimination claims). Requiring Bostic, an indigent plaintiff, to file a separate action when she has already appeared and filed a proposed pleading in this case, and where the Court has already devoted appreciable time to becoming familiar with the salient facts and

applicable law, would illogically elevate form over substance.   Accordingly, Bostic's motion is granted, and she may proceed with her individual claim.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the City's Complaint (Dkt. #5) is granted, and the City's Complaint is dismissed, with prejudice.   Bostic's motion for leave to intervene (Dkt. #3) is granted.   Bostic is directed to file and serve her complaint, in the form attached to her motion papers (Dkt. #3, Att. 2), within ten (10) days of the date of this order, and defendants are directed to timely respond, pursuant to Fed. R. Civ. Proc. 12.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 25, 2008.